## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | |
|---|---|
| Phillip Doyle, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.  05-1131 |
| ) | |
| Chief Judge of the Tenth Judicial ) | |
| Circuit in His Official Capacity, and ) | |
| Peoria County, ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This case is before the Court for a Report and Recommendation on Defendants' motions to dismiss Plaintiff's Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6).  For the reasons below, the Court recommends that the motion to dismiss by Defendant Chief Judge of the Tenth Judicial Circuit in his official capacity be granted in part and denied in part.  The Court further recommends that the motion to dismiss by Defendant Peoria County be denied.

## STANDARD OF REVIEW

When considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court takes the allegations in the complaint as true, viewing all facts, as

well as any reasonable inferences, in the light most favorable to the plaintiff.  Patel v. City of Chicago, 383 F.3d 569, 572 (7th Cir. 2004).  "'A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002), *quoting* Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

## BACKGROUND

Pertinent allegations are taken from Plaintiff's Amended Complaint (d/e 12).

In May 1982, Plaintiff began working for the Chief Judge of the Tenth Judicial Circuit (the "Chief Judge") and Peoria County, in an unspecified position at the Peoria County Juvenile Detention Center.  He was fired on January 28, 2005, for violating Peoria County Juvenile Detention Center policy 3.1 which states: "All employees of the Center, . . . must maintain the confidentiality of any information pertaining to any specific juvenile."  (d/e 12, ¶ 17).  Specifically, Defendants terminated Plaintiff for disclosing confidential information about a juvenile or juveniles to Plaintiff's attorney, to the Illinois Labor Relations Board, and to a CBS investigative reporter.  Id. at ¶¶ 18-21.

Plaintiff maintains that the policy was unconstitutional as applied to him because he was punished for speaking out on a matter of public concern (i.e., a counselor's physical abuse of a juvenile). He further alleges his termination violated his rights under the Fourteenth Amendment, and amounted to retaliatory discharge.

Plaintiff's original Complaint named only the "County of Peoria–Juvenile Detention Center" as a defendant. (d/e 1). On August 31, 2005, the District Court granted Peoria County's motion to dismiss on the grounds that: Plaintiff had failed to join an indispensable party (the Chief Judge of the Tenth Circuit); had failed to properly serve Peoria County; and, had failed to correctly name the legal entity being sued (Peoria County, as opposed to the Juvenile Detention Center). (d/e 11, pp. 3-6). The District Court denied the motion to dismiss with regard to Plaintiff's as-applied Constitutional challenge to the policy, as well as to Plaintiff's claim under Illinois law for retaliatory discharge. (d/e 11, pp. 7-8). The District Court granted the motion to dismiss as to Plaintiff's Fourteenth Amendment claims because Plaintiff had alleged only that he was disciplined and terminated, not that he was denied notice or an opportunity to be heard. (d/e 11, p.9). Plaintiff was given leave to file an amended

complaint curing the deficiencies. Plaintiff followed with his Amended Complaint, prompting the motions to dismiss presently before this Court.[1]

## ANALYSIS

### I. Motion to Dismiss by Peoria County

Defendant Peoria County moves to dismiss the Fourteenth Amendment claims (Counts IV and V) for failure to state a claim because, "Plaintiff has merely alleged employment without alleging any basis in law for an entitlement to that employment." (d/e 22, p.2).

Illinois law determines whether Plaintiff had a Constitutionally protected interest in his employment. Kiddy-Brown v. Blagojevich, 408 F.3d 346, 361 (7th Cir. 2005). Defendant is correct that in Illinois, "employment contracts are presumed to be terminable at will by either party." Id. at 363. It is Plaintiff's burden to overcome the "at-will" presumption. Id.

"A protected property interest in a benefit such as government

---

[1] Peoria County's first motion to dismiss the Amended Complaint challenged the sufficiency of service and whether Plaintiff stated Fourteenth Amendment claims. (d/e 15). Soon after, however, Peoria County was properly served (d/e 19), thus mooting the County's service objections. Peoria County then filed a second motion to dismiss, omitting the service objections and focusing on failure to state a claim. (d/e 21). The County's first motion to dismiss the Amended Complaint (d/e 15) is therefore moot.

employment is 'more than an abstract need or desire' for the benefit; a person 'must . . . have a legitimate claim of entitlement to it.'" Kiddy-Brown, 408 F.3d at 360 (7th Cir. 2005), *quoting* Bd. of Regents v. Roth, 408 U.S. 564 (1972).  For example, a protected interest might arise from "'a state statute, regulation, municipal ordinance, or an express or implied contract –. . . .'" Id.

Plaintiff's response seems to imply that he believes a protected property interest arises solely from the length of his employment: "Defendant claims 22-years of employment and being 8-years away from retirement are not enough to allege a property interest; what is then?" (d/e 18, p. 6).  Plaintiff cites no case, no is the Court aware of any, where length of service in government employment, by itself, gives rise to a Constitutionally protected interest in continued employment.  Plaintiff does allege in his response that his employment was governed by a contract, still in effect, between Peoria County, the Chief Judge, Plaintiff's Union, and various other entities.  (d/e 18, p. 6).  What exactly he means is not clear.

Despite Plaintiff's failure to identify the specific source of his protected interest, the Court believes it would be premature to rule out all possibility that he might be able to do so. The focus at this point is "whether relief [is] possible based on any legal theory . . . under any set of facts that could be established consistent with the allegations." McDonald v. Household International, Inc., 425 F.3d 424, 428 (7th Cir. 2005). Plaintiff is allowed conclusory allegations at this stage. Higgs v. Carver, 286 F.3d 437, 438 (7th Cir. 2002)("complaint that complies with the federal rules of civil procedure cannot be dismissed on the ground that it is conclusory or fails to allege facts"). Plaintiff alleges that he "possessed a claim of entitlement in his continued employment, which is sufficient to be protected as a property interest," (d/e 12, ¶ 50), and that he was terminated without notice and an opportunity to appear before a neutral decision maker. (d/e 12, ¶ 44). Discovery should reveal whether any facts support these allegations, giving the Court a solid record on which to make the determination. For example, as the District Court has already stated, facts are needed to determine whether Plaintiff was employed solely by the Chief Judge or jointly with the County. (d/e 11, p.4). Determining who employed Plaintiff is presumably necessary to determining whether Plaintiff

had a protected interest in his job. Thus, the Court will recommend the County's motion to dismiss be denied.

## II. Motion to Dismiss by Chief Judge in His Official Capacity

A. 42 U.S.C. § 1983 Claims (Counts I, III, IV, V)

The Chief Judge moves to dismiss the § 1983 claims against him in his official capacity, as barred by the Eleventh Amendment.

An action against a defendant in his or her official capacity is an action against the government entity, in this case the State of Illinois. Sanville v. McCaughtry, 266 F.3d 724, 732-33 (7th Cir. 2001); Orenic v. Illinois State Labor Relations Bd, 127 Ill.2d 453, 476 (1989)(the State, "personified by the chief judge of each circuit," is employer of nonjudicial court employees). The Eleventh Amendment bars the plaintiff from recovering money damages against a State, and thus bars recovery of money damages against the Chief Judge in his official capacity (unless perhaps "merely ancillary to injunctive relief"). Hadi v. Horn, 830 F.2d 779, 783 (7th Cir. 1987); Nowicki v. Cooper, 56 F.3d 782 (7th Cir. 1995)(claim against Wisconsin state judge in official capacity barred by sovereign immunity).

Plaintiff argues that his suit against the Chief Judge in his official capacity is not a suit against the State, citing Ex parte Young, 209 U.S. 123 (1908). However, Ex Parte Young deals with injunctive relief, not money damages for past Constitutional violations. The Court will therefore recommend that Plaintiff's claim for money damages under § 1983 be dismissed against the Chief Judge in his official capacity. Sanville, 266 F.3d at 722.

Prospective relief, such as injunctive or declaratory relief "requiring a state official to conform his or her behavior to the requirements of federal law in the future" is not barred by the Eleventh Amendment. Hadi v. Horn, 830 F.3d at 783, *citing* Ex parte Young, 209 U.S. 123 (1908). Neither party addresses whether this kind of relief is available against the Chief Judge in his official capacity.[2] The First Amended Complaint focuses on money damages, asking for lost wages, benefits, and other compensatory damages. (d/e 12, p. 9).[3] *See* Sierakowski v. Ryan, 223 F.3d 440, 443-45 (7th Cir. 2000)(declaratory and injunctive relief not available for past constitutional violations); Power v. Summers, 226 F.3d 815, 818-820

---

[2]Plaintiff has not named the Chief Judge in his individual capacity.

[3]Plaintiff does not ask for reinstatement.

(7th Cir. 2000)(discussing relief available against state official not barred by Eleventh Amendment).

Though not clear, Plaintiff seems to imply in his response that he is asking for some sort of prospective equitable relief, as he cites to Ex Parte Young (d/e 3, p. 2), and the parties do not address the question. Additionally, the District Court has ruled that the Chief Judge should be a party in his official capacity.  (d/e 11, p.4).  Accordingly, the Court believes the Chief Judge should remain in the case in his official capacity, to the extent that Plaintiff seeks relief against him that is not barred by the Eleventh Amendment.

### B.  Retaliatory Discharge (Count II)

The Chief Judge moves to dismiss Plaintiff's state tort claim of retaliatory discharge against him because sovereign immunity bars federal courts from hearing the claim, citing Thomas v. Garner, 284 Ill.App.3d 90, 93 (1996).  Thomas states:

> Where a lawsuit is nominally against a State employee, but where a judgment in plaintiff's favor could operate to control the actions of the State or subject it to liability, then the action is regarded as against the State and must be brought in the court of claims. . . The determination of whether a case is against the employee as an individual or against the State depends upon the issues involved and the relief sought. . .

284 Ill.App.3d at 93 (citations omitted).  See also Jinkins v. Lee, 807 N.E.2d 411, 418 (2004)(action is against state and must be brought in Court of Claims where employee was acting within scope of authority and performing normal functions of job, and duty breached not owed to general public); McCoppin v. State of Illinois, 53 Ill.Ct.Cl. 153 (2001)(deciding retaliatory discharge claim by University of Illinois employee in Court of Claims).

    Plaintiff does not address this problem, but instead argues that the Chief Judge is not entitled to qualified immunity.  (d/e 30, pp. 2-3). Qualified immunity and sovereign immunity are different defenses. Qualified immunity is a defense in actions under 42 U.S.C. § 1983 against a defendant in his *individual* capacity, not his official capacity.  Ruffino v. Sheahan, 218 F.3d 697, 700 (2000)(". . . it is well established that the qualified immunity doctrine does not apply to official capacity cases").

    Other than cases proceeding in the Illinois Court of Claims, the State of Illinois has retained the sovereign immunity afforded it under the Eleventh Amendment.  Jinkins, 807 N.E.2d at 417-18.  The Illinois Court of Claims has exclusive jurisdiction over claims against the State "for damages in cases sounding for tort. . . " 705 ILCS 505/8(d); *see also*

Magdziak v. Byrd, 96 F.3d 1045, 1048 (7th Cir. 1996).  The Chief Judge, acting in his official capacity, *is* the State, for purposes of the state tort action against him.  See  Orenic v. Illinois State Labor Relations Bd, 127 Ill.2d 453, 466 (1989).  Thus, only the Illinois Court of Claims has jurisdiction over the state law retaliatory discharge claim against the Chief Judge in his official capacity.[4]  The Court will accordingly recommend that Count II (retaliatory discharge) be dismissed against the Chief Judge as barred by sovereign immunity.  See  Magdziak, 26 F.3d at 1049.

    WHEREFORE, the Court accordingly RECOMMENDS that the First Motion to Dismiss the Amended Complaint by Defendant Peoria County be denied as moot (d/e 15), and that the Second Motion to Dismiss the Amended Complaint by Defendant Peoria County be denied (d/e 21). The Court FURTHER RECOMMENDS that the Motion to Dismiss by the Chief Judge, in his official capacity, be granted in part and denied in part (d/e 24).  The Court recommends Plaintiff's claims under 42 U.S.C. § 1983 for money damages against the Chief Judge in his official capacity be

---

[4] There are exceptions for state employees who act outside the scope of the authority of their state employment, breaching a duty not arising from that employment, but no reasonable inference arises of that exception here.  See Jinkins, 807 N.E. 2d 411.

dismissed as barred by sovereign immunity. The Court also recommends Plaintiff's state claim of retaliatory discharge (Count II) against the Chief Judge in his official capacity be dismissed as barred by sovereign immunity; the Illinois Court of Claims has exclusive jurisdiction over said claim. If this Report and Recommendation is adopted, the Chief Judge in his official capacity will remain in the case only as to the 42 U.S.C. § 1983 claims, and only to the extent Plaintiff seeks relief not barred by the Eleventh Amendment (relief other than money damages).

Any objections to this Report and Recommendation must be filed in writing with the Clerk of the Court within ten working days after service of a copy of this Report and Recommendation. <u>See</u> 28 U.S.C. § 636(b)(1). Failure to timely object will constitute a waiver of objections on appeal. <u>Video Views, Inc. v. Studio 21, Ltd.</u>, 797 F.2d 538, 539 (7th Cir. 1986). See also Local Rule 72.2.

ENTER:   May 11, 2006

s/ Byron G. Cudmore

_____
BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE